IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00537-WDM-OES

ESTATE OF JAMAAL ALLEN BONNER, by Brenda Bonner and Bobby Bonner

as Co-Personal Representatives,

BRENDA BONNER, as parent and Co-Personal Representative of the Estate of

Jamaal Bonner,

BOBBY BONNER, as parent and Co-Personal Representative of the Estate of

Jamaal Bonner,

    Plaintiffs,

v.

CITY OF AURORA, COLORADO,

OFFICER WILLIAM WOODS, in his individual and official capacity,

CHIEF RICKY BENNETT, in his individual and official capacity,

    Defendants.

**PROTECTIVE ORDER**

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

    1.    This Protective Order shall apply to all documents, materials, and information,

including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "Confidential" pursuant to the terms of this Protective Order.

2.     As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.     Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of Plaintiffs and/or current or former Aurora Police Department employees. *See, e.g.,* Colo. Rev. Stat. § 24- 72-204(3)(a)(II)(A), (concerning disclosure of personnel records); Colo. Rev. Stat. § 13-90-107 (1)(d) (physician-patient privilege); and *Martinelli v. District Court in and for the City and County of Denver*, 612 P.2d 1083 (Colo. 1980) (recognizing right to privacy and qualified "official information privilege" for personnel files of police officers). CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4.     CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

5.     CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

    (a) attorneys actively working on this case;

    (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c) the parties and designated representatives for the entity defendants;

    (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    (e) the Court and its employees ("Court Personnel");

    (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (g) deponents, witnesses, or potential witnesses;  and

    (h) other persons by written agreement of the parties.

6.  Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions.  All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7.  Documents are designated as CONFIDENTIAL by placing or

affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

8.      Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9.      A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order within thirty (30) days of the aforementioned notice. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as

CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10.	The terms of this Protective Order shall survive the termination of this action, and all protections of this Protective Order shall remain in full effect in perpetuity.

11.	This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated at Denver, Colorado, this day of:  October 24, 2005

BY THE COURT:


s/ O. EdwardSchlatter
_____
O. Edward Schlatter
United States Magistrate Judge

Read and Agreed:

KISSINGER & FELLMAN, P.C.


By:	/s/ Richard P. Kissinger

Richard P. Kissinger
Jonathan M. Abramson
3773 Cherry Creek N. Dr., Suite 900
Denver, CO 80209
Telephone:  303-320-6100
Facsimile:  303-320-6613
Email:  rick@kandf.com
jonathan@kandf.com

Attorneys for Defendants City of Aurora and Former Chief Ricky Bennett

BRUNO, BRUNO & COLIN, P.C.

By :   /s/ Marc F. Colin
Marc F. Colin
Michael T. Lowe
One Civic Center Plaza
1560 Broadway, Suite 1099
Denver, Colorado 80202-5143
Telephone:  303-831-1099
Facsimile:  303-831-1088
Email:  MColin@bbclawyers.com
MLowe@bbclawyers.com

Attorney for Defendant Officer William Woods

KILLMER, LANE & NEWMAN, LLP

By:   /s/ Mari Newman

Darold W. Killmer
Mari Newman
1543 Champa Street, Suite 400
Denver, Colorado 80202
Telephone: 303-571-1000
Facsimile:  303-571-1001
Email:  dkillmer@killmerlane.com
         mnewman@killmerlane.com

HOCHSTADT, STRAW, STRAUSS & SILVERMAN, P.C.

Andrew D. Silverman

2043 York Street
Denver, CO 80205
Telephone:  303-329-9222
Facsimile:  303-333-7127
Email:  andy@hssspc.com

Attorneys for Plaintiff