IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00537-WDM-MEH

ESTATE OF JAMAAL ALLEN BONNER, by Brenda Bonner and Bobby Bonner as Co-Personal Representatives,
BRENDA BONNER, as parent and Co-Personal Representative of the Estate of Jamaal Bonner,
BOBBY BONNER, as parent and Co-Personal Representative of the Estate of Jamaal Bonner,

Plaintiffs,
v.

CITY OF AURORA, COLORADO,
OFFICER WILLIAM WOODS, in his individual and official capacity,
CHIEF RICKY BENNETT, in his individual and official capacity,

Defendants.

## ORDER ON PENDING NONDISPOSITIVE MOTIONS

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Before the Court are Defendants' Motion to Stay Discovery Pending Resolution of a Motion to Dismiss Based on Qualified Immunity (Docket #28) and Plaintiff's Motion for Extension of Time to Designate Expert Witnesses (Docket #37).  Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1, these matters have been referred to this Court for resolution.

**I.    Motion to Stay Discovery (Docket #28)**

This is a case arising out of the death of Jamaal Allen Bonner on December 3, 2003. The Complaint allegations a violation of Bonner's civil rights by Defendants.  Defendants have moved to stay discovery pending resolution of their motions for dismissal or partial dismissal (Docket ##4, 27) based on qualified immunity, among other grounds.

Although some of Plaintiffs' claims would remain even if the pending motions to dismiss are granted, the significance of the claims subject to the motions  warrant a stay of discovery pending

their resolution. The nature and scope of the case, and of any discovery required to bring the case to trial, would change so fundamentally if the motions are granted, that justice requires a resolution of the motions prior to discovery, particularly based on the Supreme Court's admonition to adjudicate motions for qualified immunity prior to engaging in fact discovery. *E.g.*, *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996). Therefore, Defendants' Motion to Stay Discovery is hereby **granted.**

**II.     Motion for Extension of Time to Designate Expert Witnesses (Doc. 37)**

Because discovery is ordered stayed until the resolution of Defendants' Motions to Dismiss, Plaintiff's Motion for Extension is hereby **denied** as moot.

**III.    Further Proceedings**

The parties are directed to submit a joint status report within fifteen (15) days after the resolution of Defendants' Motions to Dismiss, outlining all remaining claims and the discovery needed for these claims. The Court will enter appropriate orders concerning the remaining discovery proceedings at that time.

**IV.    Conclusion**

Defendants' Motion to Stay Discovery Pending the Resolution of a Motion to Dismiss Based on Qualified Immunity (Doc. 28) is **granted.** Plaintiff's Motion for Extension of Time to Designate Expert Witnesses (Doc. 37) is **denied** as moot. The parties shall submit a joint status report presenting all remaining claims and the discovery necessary for these claims within fifteen (15) days after the resolution of Defendants' Motions to Dismiss.

Dated at Denver, Colorado, this 21st day of February, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge